Van Walkenburgh and Osborn, appellants, and the Rahway Bank and others, respondents.

On appeal from an order of the Chancellor dissolving an injunction, the Court of Appeals will usually make an order in the nature of a temporary injunction, retaining the parties and the subject matter in *statu quo* until the final hearing of the appeal, when the whole matter in controversy is the continuance of the injunction, as on a pure injunction bill, or when it appears that such an order is necessary to prevent great and irreparable mischief to the rights of the appellant.

The appellant was the purchaser, and in possession of certain real estate, having paid $1,500 on account of the purchase money. The property was afterwards sold upon a decree of foreclosure of a mortgage previously given by the vendor. The purchaser at the sheriff's sale under the mortgage brought ejectment. The party in possession, on a bill for the recovery, out of the proceeds of the sheriff's sale, after satisfying the mortgage, of the said $1,500, obtained an injunction restraining further proceedings in the ejectment; and the injunction was, on answer, subsequently dissolved by the Chancellor. On appeal from the order of dissolution, the Court of Appeals denied a motion for an order to revive and continue the injunction until the hearing of the appeal.

Appeal from an order dissolving an injunction.

*W. Pennington*, for the appellants, moved for an order reviving and continuing the injunction until the final hearing of the appeal.

*F. B. Chetwood* contra.

Green, C. J. The complainants below have appealed from an order of the Chancellor dissolving an injunction. They now ask an order in the nature of a temporary injunction, retaining the parties and the subject matter of the controversy in *statu quo* until the final hearing of the appeal.

The application is to the sound discretion of the Court. When an injunction has been dissolved by the Chancellor, this Court, upon appeal from that order, will usually revive the injunction, either,

1. Upon a pure injunction bill, when the whole matter in controversy is the continuance of the injunction, and where consequently the object of the suit would be unavoidably defeated if the party were not temporarily restrained by the order of this Court, or

2. When it clearly appears that the intervention of the power of this Court is necessary to prevent great and irreparable mischief to the rights of the appellant.

The respondent is in possession of the order of the Chancellor. The only condition of this Court suspending the operaton of that order even temporarily is, either that such suspension is essentially necessary to attain the object of the suit, or to preserve the just rights of the appellant.

In the present case the appellant is the purchaser, in possession of certain real estate, having paid $1,500 on account of the purchase money. The property was afterwards sold upon a decree of foreclosure of a mortgage given by the vendor prior to the purchase. An ejectment having been brought by the purchaser at the sheriff's sale under the mortgage, who had also purchased the equity of redemption, this bill is filed to recover, out of the proceeds of the sale after satisfying the mortgage debt, the sum of $1,500 advanced upon the purchase. The whole controversy relates to the disposition of the surplus money after satisfying the mortgage. There is no dispute as to the legal or equitable title of the purchaser to the lands. He holds under a title made by the vendor prior to the sale. If the purchase under the decree of foreclosure had been made by a stranger, and not by the purchaser of the equity of redemption under the judgments at law, the case would not have admitted of a question. We do not perceive that the purchaser is in a worse position because he is the owner of the equity of redemption. Depriving the legal owner of the land of his possession can be in no wise necessary to a just disposition of the surplus, wherever the merits of the case may lie.

On the other hand it is obvious, that a serious and irreparable evil will be done by keeping the purchaser out of the possession of

the land.   The rents and profits, as long as the order is in force, are irrecoverably lost.

The motion must be denied.

The whole Court concurred.
Motion denied.